# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

______ Division

RECEIVED
2026 SEP 11 P 4:43
TREY GRANGER, CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Letanya J. Bart<br>John L. Bart III<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>We Will Transport It<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 3:26-cv-00718-BL-CWB<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Letanya and John Bart |
| Street Address | 3689 County Rd. 37 |
| City and County | Notasulga, Macon County |
| State and Zip Code | Alabama, 36866 |
| Telephone Number | (313) 663-5544 or (714) 244-0528 |
| E-mail Address | letanya510@gmail.com or californiakid1953@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | We Will Transport It |
| Job or Title *(if known)* | |
| Street Address | 2300 W. Sample Rd, Suite 207 |
| City and County | Pompano Beach, Broward County |
| State and Zip Code | Florida, 33073 |
| Telephone Number | (866) 297-5551 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Court Jurisdiction - Federal District Court
Goverened by a federal statue known as the Carmack Amendment 49 U.S.C. 14706. Carmack Amendment imposes near-strict liability on interstate carriers for property damage or loss.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ____________________, is a citizen of the State of *(name)* ____________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ____________________, is a citizen of the State of *(name)* ____________________. Or is a citizen of *(foreign nation)* ____________________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________. Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plantiff requests that this Court enter judgement against the Defendent, We Will Tranport It, Corp., under the Carmack Amendment, 49 U.S.C. 14706, and award actual, consequential and incidental financial damages in the estimated principal amount of $45,000 or an exact amount to be proven at trial. This total demand encompasses: $800 for the clean up of property in Michigan. The extortionate overcharges and mandatory fees paid to the Defendant under duress

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Background and PartiesThe Plaintiff contracted with Defendant, We Will Transport It, Corp., a licensed interstate motor carrier operating out of Broward County, Florida, to perform a cross-state relocation. The agreed-upon transport was to relocate Plaintiff' s household property from the origin site in Michigan to the destination address in Alabama
2. Breach of Scheduled Timeline Per the formal contract, the Defendant was scheduled to appear at the origin site on September 12th to tear down, load, and clear the property, ensuring Plaintiff could vacate the premises on schedule.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests that this Court enter judgment against the Defendant, We Will Transport It, Corp., under the Carmack Amendment, 49 U.S.C. § 14706, and award actual, consequential, and incidental financial damages in the estimated principal amount of $40,000.00, or an exact amount to be proven at trial. This total demand encompasses:
The $800.00 Michigan property management clean-up penalty.The extortionate overcharges and mandatory fees paid to the Defendant under duress.The costs of independent local contractors, materials (cinder blocks, piping, skirting, stairs, shutters), and labor to physically reconstruct the home

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/09/2026

Signature of Plaintiff Letanya J. Bart John Bart

Printed Name of Plaintiff Letanya and John Bart

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

SECTION II

3. The Amount in Controversy

Defendant failed to perform on the agreed date, causing a severe operational delay and failing to appear until September 20th (eight days late)

3. Fragmented Delivery and Unlawful Hold Defendant split the delivery of the singular household shipment into fragments. The first partial delivery did not arrive at the Alabama destination until September 24th. On September 27th, an agent representing the Defendant sent a clear text message threatening to halt all further delivery operations unless an un-contracted balance was immediately paid. Furthermore, the Defendant explicitly threatened to penalize the Plaintiff $1,500.00 per day for "non-use of the truck" if the extortionate fees were not met. Under severe duress and facing a complete loss of life essentials, Plaintiff was forced to comply and pay the unauthorized fees.

4. Extended Delay and Consequential Harm The remaining half of Plaintiff's household property was held by Defendant until its eventual delivery on October 12th a full month after the initial scheduled move date. This prolonged delay caused cascading financial damages, directly disrupting secondary third-party transport arrangements, including a separate truck rental and an independent moving service hired to manage fragile goods.

5. Statutory Remedy. This dispute is governed by the Carmack Amendment, 49 U.S.C. § 14706. As an interstate carrier, Defendant failed to safely and timely execute the transportation of goods, engaged in bad-faith extortionate practices, and is strictly liable for all direct and consequential actual damages arising from this move.

III STATEMENT OF CLAIM

6. Regulatory Violations and Complete Omission of Mandatory Documentation. The Defendant operated in direct violation of federal household goods moving regulations by failing to issue a mandatory Bill of Lading prior to transport, and subsequently refusing to provide an official receipt or line-item accounting for the payments extracted from the Plaintiff under duress. The lack of standard documentation was weaponized by the Defendant to conceal their extortionate overcharges and evade legal accountability for the property destruction.

IV RELIEF:

The extortionate overcharges and mandatory fees paid to the Defendant under duress.

The costs of independent local contractors, materials (cinder blocks, piping, skirting, stairs, shutters), and labor to physically reconstruct the home.

The accumulated rental fees for three separate storage units used to preserve property.

The repair costs for severe structural property damage (interior walls, broken doors, torn siding, ruined grey carpeting).

The secondary truck rental fees and independent specialized moving costs disrupted by Defendant's month-long delay.

The financing fees, interest, and costs associated with the emergency loan forced by the Defendant's actions.

Plaintiff further requests an award of pre-judgment interest, post-judgment interest, and all court filing and legal service costs associated with bringing this federal civil action.

AUBURN, AL 36830
UNITED STATES US

BILL SENDER

TO CLERK OF COURT PRO SE INTAKE
UNITED STATES DISTRICT COURT
1 CHURCH ST RM B110
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY AL 36104

(334) 821-0629
INV: PKG ID: 201321
PO:

REF: LETANYA BART

DEPT:

FedEx
Express

E

FRI - 11 SEP 10:30A
PRIORITY OVERNIGHT

TRK# 0201 8770 3988 4854

XP MONTG

MGMA 36104
AL-US BHM

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shippper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
KR1225

velope
ycle me